UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ALI SHANEHSAZ,                )
                              )
        Plaintiff,            )
                              )
    vs.                       )   No. 1:16-cv-00952-LJM-MJD
                              )
LEE JOHNSON,                  )
                              )
        Defendant.            )

## ORDER

Plaintiff Ali Shanehsaz ("Plaintiff") has filed a four count Complaint, each count of which depends upon the same set of facts. Plaintiff brings the Complaint seeking replevin, alleging two separate violations of the Crime Victim's Act, and an action for trespass to chattels. Each of these causes of action are addressed to an act of Defendant Lee Johnson ("Defendant"), which is said to have occurred in November of 2011.

### I. FACTS ALLEGED

Plaintiff alleges in the Complaint that he gave certain promissory notes to his brother Hussan Shanehsaz ("the brother") in 2010. The brother stored these notes at his office, apparently at the Hamilton County Convention Center. Defendant, an employee of the Hamilton County Convention Center, an entity owned by the brother, ended employment in November 2011. Plaintiff accuses Defendant of removing the notes, along with other documents, when she left the premises.

The brother filed a police report in November 2011 alleging that that he was the victim of a theft. The police report, attached to Plaintiff's Complaint, records that after the report, the suspect, Defendant, returned documents to the brother. The brother then told

the police, according to the report, that items were returned and that he would let the police know if anything was missing. The brother informed the police that everything was there and that he no longer wished to have a report. Dkt. No. 1-1 at 1.

## II. STANDARDS

### A. MOTION TO DISMISS

Under 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of Plaintiff. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Documents central to the Complaint and referred to in it as well as information that is properly the subject of judicial notice may also be considered. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (further citation omitted)).

Under the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive Defendant's motions to dismiss for failure to state a claim upon which relief may be granted, Plaintiff must provide the grounds for his entitlement to relief with more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "allegations must be enough to raise a right to relief above the speculative level." *Id.* The touchstone is whether the Complaint gives the Defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Legal conclusions or conclusory allegations are insufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

### B. MOTION TO STAY

Both parties have cited *Clark v. Lacy*, 376 F.3d 682 (7th Cir. 2004), for the appropriate doctrine under which to decide whether or not to dismiss or stay Plaintiff's claims for replevin and trespass to chattels. Generally, abstention is the exception rather than the rule and "the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of [] jurisdiction." *Clark*, 376 F.3d at 685 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983) (emphasis in original)). The analysis is taken in two parts. First, the Court must decide whether the two cases, federal and state, are parallel. *Id.* To be considered parallel, the suits must have "substantially the same parties [] contemporaneously litigating substantially the same issues . . . ." *Clark*, 376 F.3d at 686 (quoting *Interstate Mat'l Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) (further citations omitted)). This elements turns on whether or not there is "a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694-95 (7th Cir. 1985)). Second, the Court considers a number of non-exclusive factors including whether the state has assumed jurisdiction over any property, the inconvenience of the federal forum, the desire to avoid piecemeal litigation, the order in which jurisdiction was obtained, the source of governing law, the adequacy of the state court to protect the plaintiff's rights, the relative progress of the two proceedings, the presence or absence of concurrent jurisdiction, the availability of removal and the vexatious or contrived nature of the federal claim. *Id.* at 685 (citing *LaDuke v. Burlington N.R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989) (further citation omitted).

### III. DISCUSSION

### A. COUNTS PURSUANT TO THE CRIME VICTIM'S ACT

The Complaint herein repeats the facts alleged in the police report. That is, that Defendant took the promissory notes in question from the possession of the brother. Plaintiff alleges, contrary to the above discussed police report, that the promissory notes were never returned and that he did not know that they were missing until 2015. Defendant has moved to dismiss on the grounds that claims brought under the Crime Victim's Act must be brought within two years of the loss and this action is 3 years too late.

Both parties cite the case of *French v. Hickman Moving & Storage*, 400 N.E.2d 1384 (Ind. Ct. App.1980), for support. Both parties agree that the statute applies unless Defendant took some affirmative action to conceal the act complained of. *Id.* at 1389. Plaintiff herein alleges first that he did not know the items were still missing until 2015 and that the brother was told by Defendant that she had returned the items, thus engaging in the very act of concealment that would relieve him of the operation of the statute.

Plaintiff cannot prevail on his position. He attached a police report to his Complaint that clearly indicates that the brother told the police in 2011 that all the items taken had been returned. This is a clear admission that the Defendant did not engage in any act of concealment. Plaintiff will not now be heard to argue otherwise. The two year statute of limitations applies and Counts II and III are hereby **DISMISSED**.

### B. COUNT I, REPLEVIN; & COUNT IV, TRESPASS TO CHATTELS

Defendant has moved to dismiss the remaining two counts, or stay the action, offering that there is a parallel case pending in a state court. In her supplement, Plaintiff

provides the docket sheet, the Answers and Counterclaims and the brother's answers to interrogatories filed in the state court case styled *Johnson v. Hamilton County Convention Center, LLC*, Cause No. 29D-5-1112-PL-012925 (Hamilton Cty. Superior Court No. 5) ("State Case"), in which the brother is a defendant. Dkt. No. 13. In his Counterclaim for replevin in the State Case, the brother alleges some of the same facts alleged by Plaintiff herein, and seeks from the Defendant herein, Lee Johnson, the return of "personal property, including books, documents and materials." Dkt. No. 13-3 at 4. There is no Counterclaim for Trespass to Chattels. *See, generally*, *id.* Trial on the Replevin Counterclaim in the State Case is set to begin on August 22, 2016. Dkt. No. 13-8.

The two counts that remain here, replevin and trespass to chattel, have similar, but not identical, elements to each other. Specifically, "to recover in an action for replevin, a plaintiff must prove that he has title or right to possession, that the property is unlawfully detained, and that the defendant wrongfully holds possession." *Deere & Co. v. New Holland Rochester, Inc.*, 935 N.E.2d 267, 269 (Ind. Ct. App. 2010) (citing *United Farm Family Mut. Ins. Co. v. Michalski*, 814 N.E.2d 1060, 1066 (Ind. Ct. App. 2004)). Trespass to chattels requires that Plaintiff prove that (1) Defendant dispossessed Plaintiff of his property; (2) Defendant impaired the property's condition, quality or value; (3) Defendant deprived Plaintiff of the use of the property for a substantial time; or (4) Defendant harmed some other thing in which Plaintiff had a legally protected interest. *See Coleman v. Vukovich*, 825 N.E.2d 397, 407 (Ind. Ct. App. 2005).

On the first inquiry, whether the actions are parallel, the Court concludes that the facts as alleged in each case and the interests of Plaintiff and the brother are sufficiently aligned such that the proceedings may be said to be parallel for purposes of *Colorado*

*River* abstention. Specifically, both Plaintiff and the brother seek return of any "documents," which would include any promissory notes given by Plaintiff to the brother, that were taken, but not returned, by Defendant. Further, that Plaintiff in this action has brought an action for trespass of a chattel is also insignificant where the relief sought as to both Counts in this case is return of the relevant notes and any consequential damages. Therefore, the Court concludes that the cases are substantially the same.

With respect to the second part of the analysis, the Court concludes that, by a narrow margin, the factors weigh in favor of a stay pending trial of the State Case, which is scheduled to begin on August 22, 2016. This latter fact weighs heavily in favor of a stay because this case is in its infancy, whereas that case is near resolution. Other similar factors weigh in favor of a stay since Plaintiff's claims, like the brother's, are predicated on state law and the State Action was filed much earlier. However, the fact that the claims are brought under state law is also a concern since the State Case cannot be removed such that the rights of all relevant parties can be decided in a single action. Further, the ability of the state court to protect Plaintiff's rights as to the promissory notes is also a concern because that issue is not before the state court; it is the brother's interest in the missing documents that is at issue there. It is for these reasons that the Court is unwilling to dismiss this action in favor of the State Case, but it can agree to a temporary, short stay to allow the State Case to proceed to trial.

### III. CONCLUSION

Defendant Lee Johnson's Partial Motion to Dismiss Counts II and III is **GRANTED**; the remainder of this proceeding is **STAYED until August 25, 2016**; the Initial Pretrial

Conference remains set for September 1, 2016, along with its attendant deadline for filing a propose Case Management Plan.

    IT IS SO ORDERED this 1st day of August, 2016.

                                                      _____
                                                      LARRY J. McKINNEY, JUDGE
                                                      United States District Court
                                                      Southern District of Indiana

Distribution:

Julie A. Camden
CAMDEN & MERIDEW, PC
jc@camlawyers.com

James A. Nickloy
NICKLOY & HIGDON
alex@nickloyhigdon.com